IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| STRAGENT, LLC and SEESAW FOUNDATION,<br><br>　　Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., PROLIFICS, LLC, CA, INC., NETSUITE, INC., NETWORK SOLUTIONS, LLC, and SYBASE, INC.,<br><br>　　Defendants. | Civil Action No. 6:10-CV-225<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") complain against Defendants Amazon.com, Inc. ("Amazon"), Prolifics, LLC ("Prolifics"), CA, Inc. ("CA"), NetSuite, Inc. ("NetSuite"), Network Solutions, LLC ("Network Solutions") and Sybase, Inc. ("Sybase"), as follows:

### PARTIES

1.　　Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2.　　Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw Children's Place, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3. Upon information and belief, Defendant Amazon is a Delaware corporation having its principal place of business in Seattle, Washington.

4. Upon information and belief, Defendant Prolifics is a New York limited liability company having its principal place of business in New York, New York.

5. Upon information and belief, Defendant CA is a Delaware corporation having its principal place of business in Islandia, New York.

6. Upon information and belief, Defendant NetSuite is a Delaware corporation having its principal place of business in San Mateo, California.

7. Upon information and belief, Defendant Network Solutions is a Delaware limited liability company having its principal place of business in Herndon, Virginia.

8. Upon information and belief, Defendant Sybase is a Delaware corporation having its principal place of business in Dublin, California.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

11. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting

business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

12.     Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,832,226 ("the '226 patent") entitled "Method of Providing Data Dictionary-Driven Web-Based Database Applications." The '226 patent issued on December 14, 2004.  A true and correct copy of the '226 patent is attached as Exhibit A.

13.     Plaintiff Stragent is the exclusive licensee of the '226 patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '226 patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the '226 patent without any restriction, subject to certain encumbrances. Stragent further has the exclusive right under the License to maintain, enforce, or defend the '226 patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '226 patent and pursuing and entering into any settlement related to a claim of infringement.

14.     Upon information and belief, Defendant Amazon is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Amazon's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Amazon SimpleDB in

combination with Amazon EC2. Amazon is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

15. Upon information and belief, Defendant Prolifics is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Prolific's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Prolific's Panther. Prolifics is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

16. Upon information and belief, Defendant CA is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. CA's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation CA's 2E. CA is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

17. Upon information and belief, Defendant Netsuite is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Netsuite's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Netsuite's Ecommerce Company Edition. Netsuite is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

18. Upon information and belief, Defendant Network Solutions is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the

'226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Network Solution's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Network Solution's CommerceSpace. Network Solution is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

19. Upon information and belief, Defendant Sybase is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Sybase's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Sybase's PowerDesigner / EAServer. Sybase is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

20. As a result of Defendants' infringement of the '226 patent, Stragent and SeeSaw have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Stragent and SeeSaw request that this Court enter:

A. A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '226 patent;

B. A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '226 patent as provided under 35 U.S.C. § 284; and

C. Any and all other relief to which the Court may deem Stragent and SeeSaw

entitled.

## DEMAND FOR JURY TRIAL

Stragent and SeeSaw, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Adam A. Biggs
Texas Bar No. 24051753
aab@emafirm.com
Debra Coleman
Texas Bar No. 24059595
drc@emafirm.com
Matthew C. Harris
Texas Bar No. 24059904
mch@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
mike@wmalaw.com
Texas Bar No. 01150025
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Indiana Bar No. 24560-49
mbenefield@wmalaw.com
David Morehan
Texas Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

***Attorneys for Stragent, LLC, and SeeSaw Foundation***

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 29th day of April 2010.

_____
Eric M. Albritton